UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID J., | ) |
| | ) |
|     **Plaintiff** | ) |
| | ) |
| v. | )   No. 2:22-cv-000174-JDL |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|     **Defendant** | ) |

### RECOMMENDED DECISION ON PLAINTIFF'S
### MOTION FOR ATTORNEY'S FEES

After the Plaintiff filed his statement of errors in this Social Security appeal, his case was voluntarily remanded at the Commissioner's request. *See* ECF Nos. 15-18. Having obtained this favorable result, the Plaintiff now moves for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA). *See* Motion (ECF No. 19). The Commissioner acknowledges that the Plaintiff is entitled to a fee award but contests the reasonableness of the amount requested. *See* Opposition (ECF No. 20). For the reasons that follow, I recommend that the Court award the Plaintiff $6,336.10 in attorney's fees and costs.

### I. Legal Standard

The EAJA provides that a party who prevails in litigation against the United States is entitled to an award of reasonable attorney's fees and costs unless the position of the United States was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d). The prevailing party

1

bears the burden of demonstrating the reasonableness of his requested award. *See Mason v. Me. Dep't of Corr.*, 387 F. Supp. 2d 57, 60 (D. Me. 2005).

To calculate the amount of an EAJA fee award, courts multiply the number of hours reasonably expended on the case by a reasonable hourly rate, adjusting as needed to exclude hours that were excessive, redundant, or otherwise unnecessary. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). Reasonableness, in this context, is measured "in part by the yardstick of awards made in comparable cases." *Katherine L. v. Kijakazi*, No. 2:20-cv-00439-JAW, 2022 WL 2115314, at \*1 (D. Me. June 13, 2022) (rec. dec.) (cleaned up), *aff'd*, 2022 WL 2317219 (D. Me. June 28, 2022). The number of hours worked on a garden variety Social Security appeal in this District does not typically exceed 30 hours; accordingly, requests seeking reimbursement for more than 30 hours are subject to heightened scrutiny. *See id.*

## II. Discussion

Here, the Plaintiff has submitted an itemized billing statement reflecting 56.1 hours of work by Attorneys Francis Jackson, Jeffrey Marty, and Elizabeth Valentine and 1.1 hours of work by paralegals. *See* Billing Statement (ECF No. 19-1). The most significant portion of these hours was the 46.4 hours Attorney Marty spent reviewing the administrative record, researching various issues, and drafting the statement of errors. *See id.*

The Plaintiff admits that Attorney Marty's inexperience with "handling cases at the court level rather than the ALJ hearing level"—as well as Attorney Valentine's departure early in the case—resulted in a "modest" amount of duplicative work and

2

"some excessive time spent on" the case. Motion at 2. To account for this, the Plaintiff has reduced his request by 16.1 attorney hours to reflect only 40 hours of attorney time at $230.80 per hour and 1.1 hours of paralegal time at $95 per hour, which would come out to a total award of $9,336.50. *See id.* at 2; Billing Statement at 3.

The Commissioner does not quarrel with the Plaintiff's hourly rates but argues that the Plaintiff has failed to meet his burden to demonstrate that 41.1 hours was a reasonable amount of time to expend on this case. *See* Opposition at 1. She points out that the Plaintiff does not contend that this case is anything other than a garden variety one and that Attorney Jackson's firm represented the Plaintiff at the administrative level and should have already been familiar with the relatively short 625-page record. *See id.* at 2-5. She likens this case to *Miller v. Social Security Administration Commissioner*, No. 1:16-cv-00503-JDL, 2017 WL 3597477, at *1-2 (D. Me. Aug. 17, 2017), where the Court reduced an EAJA fee award sought after a voluntary remand from 44.7 hours to 31.7 hours because the claimant's counsel and the counsel's paralegal had spent an excessive amount of time preparing the statement of errors and reviewing the record. *See* Opposition at 3-4. Extrapolating the result in *Miller*, the Commissioner urges an award of no more than 18.9 hours of attorney time and 1.1 hours of paralegal time. *See id.* at 4-9.[1]

In his reply, the Plaintiff does not dispute that his case did not present any novel or especially complex issues or that at least some of his attorneys should have

---

[1] In her opposition, the Commissioner inconsistently urges the Court to award 18.19, 18.6, or 18.9 hours of attorney time. *See* Opposition at 1, 6, 9. The total award for which she advocates ($4,466.62) ultimately reflects 18.9 hours of attorney time (18.9 x $230.80 + 1.1 x $95). *See id.* at 1, 9.

3

been already quite familiar with a record they helped create. *See* Reply (ECF No. 21).[2] Instead, he laments the recent departure of three experienced attorneys from Attorney Jackson's firm and accuses the Commissioner of unfairly seeking to measure the time it took newly hired Attorney Marty to prepare the statement of errors and review the record against the time it would take a more expert attorney. *See id.* at 1-3 (emphasizing how few attorneys have experience with Social Security appeals). He also points to cases from this Court recognizing that some accommodation for differing levels of expertise is appropriate when assessing the reasonableness of time spent on a case. *See id.* at 3-4. Finally, he cites cases from this Court and others finding it reasonable to spend more than 30 hours on a Social Security appeal—although he does not meaningfully explain how the circumstances of those cases compare with his own. *See id.* at 2-3.[3]

After considering the parties' arguments, I find *Miller* to be the best yardstick to measure reasonableness in this case. As in this case, the Commissioner agreed to remand in *Miller* after the claimant filed her statement of errors[4], the issues involved were not especially complex, the claimant's counsel had represented her at the administrative level, and the administrative record was not extraordinarily long

---

[2] The Plaintiff does highlight the fact that Attorney Marty was hired after the administrative proceedings had concluded. *See* Reply at 4-5. But I agree with the Commissioner that Attorney Jackson's firm must bear the cost of inefficiencies resulting from its own staffing changes. *See* Opposition at 4-5 n.1.

[3] I decline to sort through the similarities and differences of the cases cited by the Plaintiff without any assistance. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

[4] To the extent the EAJA fee decision in *Miller* does not make this procedural posture entirely clear, this Court's docket confirms it. *See Miller v. Soc. Sec. Admin. Comm'r*, No. 1:16-cv-00503-JDL, ECF Nos. 15-17.

4

(1,030 pages). *See Miller*, 2017 WL 3597477, at *1. In those circumstances, the Court concluded that the claimant's counsel's work could have been reasonably accomplished in 18.9 hours of attorney time and 12.8 hours of paralegal time in contrast to the 25.9 hours of attorney time and 18.8 hours of paralegal time sought. *See id.* at *1-2.

In light of the significantly larger amount of paralegal time in *Miller*, however, I disagree with the Commissioner that the decision supports finding only 18.9 hours of attorney time reasonable in this case. *See* Opposition at 6. Additionally, I agree with the Plaintiff, *see* Reply at 4, that it is appropriate to make a "modest allowance" for Attorney Marty's inexperience, *Traci H. v. Berryhill*, No. 1:16-cv-00568-JAW, 2018 WL 6716693, at *10 (D. Me. Dec. 21, 2018) (rec. dec.), *aff'd*, 2019 WL 166543 (D. Me. Jan. 10, 2019).[5] But I also acknowledge, as the Commissioner points out, *see* Opposition at 7-8, that fee "awards are not intended to serve as . . . continuing education programs for lawyers" and "that the assignment of multiple attorneys to a single set of tasks should be regarded with healthy skepticism," *Castañeda-Castillo v. Holder*, 723 F.3d 48, 80 (1st Cir. 2013) (cleaned up). Considering *Miller* together with the various inefficiencies and duplication of work in this case while making a modest allowance for differing levels of experience, I conclude that the work in this

---

[5] The Plaintiff attempts to liken his case to *Traci H.*, *see* Reply at 3-4, where this Court cut the number of compensable hours an inexperienced attorney worked on preparing for oral argument in a Social Security appeal from 13.9 to 8.25. *See Traci H.*, 2018 WL 6716693, at *9. I am not persuaded that *Traci H.* stands for the proposition that an attorney's inexperience justifies only a one-third reduction in every case. Even if it does, there are other inefficiencies that warrant a greater reduction of the compensable time in this case.

case could have reasonably been accomplished in 27 hours of attorney time and 1.1 hours of paralegal time.

### III. Conclusion

For the foregoing reasons, I recommend that the Court find the reasonable amount of compensable time is 27 hours of attorney time and 1.1 hours of paralegal time and award the Plaintiff attorney's fees and costs as follows: $6,231.60 for attorney time ($230.80 x 27 hours) and $104.50 for paralegal time ($95 x 1.1 hours), for a total award of $6,336.10.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: April 25, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge