## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| DAVID J., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    No. 2:22-cv-00174-JDL |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|     Defendant | ) |

### RECOMMENDED DECISION ON PLAINTIFF'S
### SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES

This Court previously granted the Plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act (EAJA) and awarded him $6,336.10—an amount that was less than he sought but more than the Commissioner argued was reasonable. *See* ECF Nos. 22-23; 28 U.S.C. § 2412(d). The Plaintiff has now filed a supplemental motion seeking $1,282.60 in attorney's fees for the combined 5.3 hours his counsel spent defending his original motion against the Commissioner's opposition and preparing the instant supplemental motion. *See* ECF No. 24. The Commissioner opposes the Plaintiff's request, arguing that would be unreasonable for him to receive any supplemental attorney's fees because he rejected a settlement offer that was only slightly less than the amount he was ultimately awarded and his arguments bore little relation to the relief granted. *See* ECF No. 25.[1]

---

[1] The Commissioner does not challenge the Plaintiff's counsel's requested hourly rate of $242.

1

Although I understand the Commissioner's frustration on the first point, this Court has previously rejected the idea that a plaintiff's refusal to accept a slightly lower settlement offer prevents him from recovering supplemental attorney's fees in circumstances like this. *See Stern v. Astrue*, No. 08-213-P-S, 2009 WL 4508412, at \*1, \*3 (D. Me. Nov. 29, 2009) (rec. dec.) (awarding supplemental attorney's fees for work on the original EAJA petition even where the Commissioner made a settlement offer that was only a few hundred dollars less than what was ultimately awarded), *aff'd*, 2009 WL 5174692 (D. Me. Dec. 18, 2009); *see id.* at \*1 ("If the [Commissioner's] argument were to be adopted by the court under these circumstances, governmental defendants in cases subject to the EAJA could routinely require successful opposing counsel to accept unreasonably low amounts in settlement of attorney-fee claims, because any rejection of any offer, even one smaller than the ultimate recovery, would bar a court award.").

On the second point, I have rereviewed the Plaintiff's reply in support of his original motion and, although not every point was a winner, his arguments ultimately resulted in the Court awarding significantly more than the amount advocated for by the Commissioner in her opposition. *See* ECF Nos. 21, 22-23. In such circumstances, I am not persuaded that the 4.6 hours the Plaintiff's counsel spent reviewing the Commissioner's opposition and preparing his reply is unreasonable or that it would be unjust to compensate him for those hours. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990) ("Any given civil action can have numerous phases. While the parties' postures on individual matters may be more or less justified, the

2

EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items."); *Rosemary C. v. Berryhill*, No. 1:17-cv-00282-JDL, 2019 WL 2411415, at *2-3 (D. Me. June 7, 2019) (citing *Jean* and granting a similar supplemental EAJA motion over the Commissioner's objection). I also find the 0.7 hours that the Plaintiff requests for preparing the instant supplemental motion reasonable in the absence of a specific argument by the Commissioner to the contrary.

Accordingly, I recommend that the Court **GRANT** the Plaintiff's supplemental motion and award him $1,282.60 in attorney's fees.

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: August 30, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge

3