UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID J., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:22-cv-00174-JDL |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

ORDER ACCEPTING THE RECOMMENDED DECISION OF THE
MAGISTRATE JUDGE

Plaintiff David J. filed a Supplemental Motion for Attorney's Fees (ECF No. 24) under the Equal Access to Justice Act, 28 U.S.C.A. § 2412 (West 2023), after I entered an order (ECF No. 23) granting his initial Motion for Attorney's Fees made pursuant to the same statute (ECF No. 19). Plaintiff now seeks a supplemental fee award to compensate his counsel for time spent defending the initial motion and preparing the instant motion. The Commissioner opposes that request as unreasonable. In support, the Commissioner argues that the efforts of Plaintiff's counsel had little bearing on the results obtained—as evident from the slight difference between the Commissioner's proposed settlement, which Plaintiff rejected without countering, and the original fee award,

On August 30, 2023, United States Magistrate Judge Karen Frink Wolf filed her Recommended Decision (ECF No. 27) on Plaintiff's supplemental motion pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2023) and Fed. R. Civ. P. 72(b). Neither

party objected to the Recommended Decision, which concluded with a notice to the parties that failure to object would waive their right to *de novo* review and appeal.

Notwithstanding that waiver, I have reviewed the Recommended Decision, together with the entire record, *de novo,* and considered all matters adjudicated therein. I concur with the Magistrate Judge's findings and recommendations as set forth in her Recommended Decision and determine that no further proceeding is necessary.

I pause to note, however, that Plaintiff's resort to judicial relief without any apparent meaningful engagement in settlement negotiations is inconsistent with the courts' general preference that issues involving attorney's fees be resolved by mutual agreement rather than through litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In this context, a plaintiff's refusal to *accept* a settlement offer in an amount slightly less than the eventual fee award does not preclude recovery of supplemental attorney's fees. *Stern v. Astrue*, No. 08-213-P-S, 2009 WL 4508412, at *1 (D. Me. Nov. 29, 2009) (rec. dec.), *aff'd*, 2009 WL 5174692 (D. Me. Dec. 18, 2009). But a party's refusal to *engage* in settlement negotiations is another matter. Plaintiffs and Defendants would do well to make some good-faith effort to explore the possibility of a settled outcome before turning to the courts to resolve fee disputes, *see Hensely*, 461 at 347, both for the sake of judicial economy and in service of all parties' best interests.

It is therefore **ORDERED** that the Magistrate Judge's Recommended Decision (ECF No. 27) is hereby **ACCEPTED**, and Plaintiff's motion (ECF No. 24) is

**GRANTED** as follows: supplemental attorney's fees are awarded in the amount of $1,282.60.

    **SO ORDERED.**


    **Dated this 3rd day of October, 2023.**

                                                                               /s/ Jon D. Levy
                                                    **CHIEF U.S. DISTRICT JUDGE**